IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK I. HANATO, | ) CIVIL NO. 07-00228 ACK-LEK |
|     Petitioner, | ) |
| vs. | ) |
| STATE OF HAWAII, | ) |
|     Respondent. | ) |

## ORDER OF DISMISSAL

*Pro se* Petitioner Patrick I. Hanato, has filed a document purporting to appeal a state court decision in his criminal proceeding, CR. No. 05-1-0725.  For lack of instruction from Petitioner, the court construed the document as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Apparently, on March 14, 2007, the Honorable Dexter Del Rosario denied Petitioner's motion for dismissal under Rule 48 of the Hawaii Rules of Criminal Procedure.  The court DISMISSES the Petition without prejudice for lack of jurisdiction.

Petitioner's intent in filing this document in this court is unclear.  It appears that he is attempting to appeal the state court's decision denying his motion in his state court criminal proceeding.  If so, this court lacks jurisdiction over such an appeal.  Under the *Rooker-Feldman* doctrine this court may not

exercise appellate jurisdiction over state court decisions.[1]  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  *Rooker-Feldman* is a jurisdictional doctrine that goes to the court's subject matter jurisdiction.  *See Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998).

The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct a direct review of state court judgments even when a federal question is presented.  *Allah v. Superior Ct. of State of California*, 871 F.2d 887, 891 (9th Cir. 1989); *accord Mackay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987).  In this instance, however, Petitioner has not raised any constitutional issue.  This court clearly lacks subject matter jurisdiction over Petitioner's "appeal."

Accordingly, the Petition is DISMISSED without prejudice to Petitioner filing a petition for writ of habeas corpus at the conclusion of his criminal proceeding, after all his claims have been properly exhausted in the state courts.  *See* 28 U.S.C.

---

[1] The *Rooker-Feldman* doctrine requires that:

> a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

*Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. DeGrandy*, 512 U.S. 997, 1005 (1994)).

§ 2254(b)(1)(A).

Because it is possible that Petitioner inadvertently filed this appeal in this court, intending to file it in the state court, **the Clerk of Court is DIRECTED to send a copy of the Petition and of this Order to the Circuit Court of the First Circuit, State of Hawaii**. See Haw. R. App. P. 4(b)(1).

**CONCLUSION**

For the foregoing reasons, the Petition is DISMISSED without prejudice for lack of jurisdiction. The Clerk is DIRECTED to close the file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 3, 2007.

_____
Alan C. Kay
Sr. United States District Judge

*Hanato v. Hawaii*, Civ. No. 07-00228 ACK-LEK; ORDER OF DISMISSAL; dmp/ Habeas 07/Jelks 07-127 (rooker-feldman & mistake)